# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERT HESSEE, NAOMI CARTER, and BRIAN CHAPMAN, on behalf of themselves and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiffs, | |
| v. | **COMPLAINT – CLASS ACTION** |
| AMERICAN PROTECTION PLANS LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiffs Robert Hessee, Naomi Carter and Brian Chapman (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by American Protection Plans LLC d/b/a American Residential Warranty ("American Residential Warranty") to market its services

through the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of American Residential Warranty's illegal calls, which include Plaintiffs and the proposed class, are entitled to damages under the TCPA, and because the technology used by American Residential Warranty makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Robert Hessee is an individual.

5. Plaintiff Brian Chapman is an individual.

6. Plaintiff Naomi Carter is an individual.

7. Defendant American Protection Plans LLC d/b/a American Residential Warranty is a Florida limited liability company that is headquartered in this District.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has personal jurisdiction over American Residential Warranty because the company because it made telemarketing calls to the Plaintiffs from this District. Furthermore, American Residential Warranty resides in Florida.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent from this District and American Residential Warranty resides here.

## **TCPA BACKGROUND**

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

15. Defendant American Residential Warranty is a "person" as the term is defined by 47 U.S.C. § 153(39).

16. American Residential Warranty uses prerecorded messages to generate new customers.

*Plaintiff Hessee's Allegations*

17. The Plaintiff Hessee's telephone number is (620) 762-XXXX.

18. That telephone number is assigned to a cellular telephone service.

19. The Plaintiff has never provided his written consent to receive pre-recorded telemarketing calls regarding the Defendant's services.

20. Despite this, the Defendant, or a vendor working at their direction, sent the Plaintiff a pre-recorded call on April 1, 2022.

21. The message was clearly pre-recorded because (a) there was a delay before the robot message began to speak (b) the message was monotone (c) the message was generic.

22. The pre-recorded message, named "Whitney", stated that the call was about a home warranty offering.

23. The Plaintiff responded to the recorded message.

24. In response, the Plaintiff was transferred to "Dillon Drinkwater", an employee of the Defendant.

25. Dillon Drinkwater advertised the Defendant's home services and provided a website of www.arwhome.com, for his company.

26. That's a website for the Defendant.

27. Dillon Drinkwater then provided his call back number of an extension at (855) 416-7574.

28. That number has been linked to the transmission of robocalls regarding home warranty. *See* https://lookup.robokiller.com/p/855-416-7574 (Last Visited May 4, 2022).

29. Dillon Drinkwater also provided the e-mail ddrinkwater@americanrw.com.

30. That e-mail domain also belongs to the Defendant.

***Plaintiff Carter's Allegations***

31. The Plaintiff Carter's telephone number is (618) 414-XXXX.

32. That telephone number is assigned to a cellular telephone service.

33. The Plaintiff has never provided her written consent to receive pre-recorded telemarketing calls regarding the Defendant's services.

34. Despite this, the Defendant, or a vendor working at their direction, sent the Plaintiff a pre-recorded call on April 4, 2022.

35. The message was clearly pre-recorded because (a) there was a delay before the robot message began to speak (b) the message was monotone (c) the message was generic.

36. The pre-recorded message, named "Whitney", stated that the call was about a home warranty offering.

37. The Plaintiff responded to the recorded message.

38. In response, the Plaintiff was transferred to "Brian Jones", an employee of the Defendant.

39. Brian Jones advertised the Defendant's home services and then sent an e-mail from bjones@arwhome.com.

40. That e-mail domain belongs to the Defendant.

41. In the e-mail, Brian Jones provided his call back number of an extension at (855) 416-7574.

*Plaintiff Chapman's Allegations*

42. The Plaintiff Chapman's telephone number is (585) 414-XXXX.

43. That telephone number is assigned to a cellular telephone service.

44. The Plaintiff has never provided his written consent to receive pre-recorded telemarketing calls regarding the Defendant's services.

45. Despite this, the Defendant, or a vendor working at their direction, sent the Plaintiff a pre-recorded call on April 23, 25 and 28, 2022.

46. The Plaintiff answered all three calls.

47. The message was clearly pre-recorded because (a) there was a delay before the robot message began to speak (b) the message was monotone (c) the message was generic.

48. The pre-recorded message, named "Whitney", stated that the call was about a home warranty offering.

49. The Plaintiff hung up the phone during the pre-recorded message on the April 23 and 25, 2022 calls.

50. The Plaintiff responded to the recorded message on the April 28, 2022 call.

51. In response, the Plaintiff was transferred to "Sherry", an employee of the Defendant.

52. "Sherry" advertised the Defendant's home services and then provided a call back number of an extension at (855) 416-7574.

53. The calls were not necessitated by an emergency.

54. Plaintiffs and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiffs and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

55. Plaintiffs bring this action on behalf of themselves and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

56. The Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiffs.

57. The Plaintiffs are members of and will fairly and adequately represent and protect the interests of this class as they have no interests that conflict with any of the class members.

58. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

59. Plaintiffs and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

60. This Class Action Complaint seeks injunctive relief and money damages.

61. The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

62. Plaintiffs do not know the exact number of members in the Class, but Plaintiffs reasonably believe Class members number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls and other individuals have lodged complaints about the receipt of the calls.

63. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

64. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

65. There are numerous questions of law and fact common to Plaintiffs and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

    (b) whether Defendant made calls to Plaintiffs and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

66. Further, Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have no interests which are antagonistic to any member of the Class.

67. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiffs have retained counsel who are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

68. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

69. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(b) on behalf of the Robocall Class**

70. Plaintiffs incorporate the allegations from paragraphs 1 through 69 as if fully set forth herein.

71. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

72. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

73. If the Defendant's conduct is found to be knowing or willful, the Plaintiffs and members of the Class are entitled to an award of up to treble damages.

74. Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A.   Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.   That the Court enter a judgment awarding Plaintiffs and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing Plaintiffs' counsel as counsel for the Class;

D.   Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs request a jury trial as to all claims of the complaint so triable.

Dated: May 17, 2022                    PLAINTIFFS, on behalf of themselves
                                        and others similarly situated,

                                        */s/ Avi R. Kaufman*
                                        Avi R. Kaufman (FL Bar no. 84382)
                                        kaufman@kaufmanpa.com
                                        Rachel E. Kaufman (FL Bar no. 87406)

rachel@kaufmanpa.com
Kaufman P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Counsel for Plaintiffs and the putative class*

11